IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTOPHER DAYTON | CIVIL ACTION |
| Plaintiff, | CASE NO. : <br> JUDGE |
| vs. | MAGISTRATE JUDGE |
| | JURY TRIAL DEMANDED |
| ISABELLA AND NATALIE'S PIZZERIA INC. | |
| d/b/a ITALIAN GARDEN | |
| and | |
| CHRISTOPHER HENDERSHOT | |
| Defendants. | |

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE STANDARDS ACT**

Plaintiff **CHRISTOPHER DAYTON** ("Plaintiff") brings his action to recover monetary damages, liquidated damages and costs, including reasonable attorneys' fees against Defendants **CHRISTOPHER HENDERSHOT** ("Defendant Hendershot") and **ISABELLA AND NATALIE'S PIZZERIA**, **d/b/a ITALIAN GARDEN** ("Defendant Italian Garden" or "Italian Garden"), an Ohio Corporation, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act") O.R.C. §4111 *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 and the Ohio Constitution, Oh. Const. Art. II, §34a. The Ohio Wage Act and the OPPA will be collectively referred to the "Ohio Acts." The following allegations are based on personal

1

knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## PARTIES

1. Plaintiff Christopher Dayton is an adult individual residing in Garrettsville, Ohio (Portage County) and has been a resident of Garrettsville during all times relevant to this complaint.

2. Defendant Isabella and Natalie's Pizzeria, Inc., d/b/a Italian Garden, is a for-profit corporation incorporated in the State of Ohio and doing business in this judicial district. It can be served to its principal place of business at 8116 Main Street, Garrettsville, OH 44231 (Portage County) to the attention of its incorporator, Christopher A. Hendershot.

3. During all relevant times, Defendant Hendershot has been owner, manager, and operator of Italian Garden. Defendant Hendershot's business activities take place in this judicial district. Defendant Hendershot may be served at his residence of 9302 W. Center St., Windham, OH 44288 (Portage County).

4. Defendant Italian Garden and Defendant Henderson will hereinafter be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

5. Subject matter jurisdiction in this case is based on 28 U.S.C. § 1331 as this action arises under the FLSA.

6. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Ohio state law claims asserted by Plaintiff, as these claims are so related to the federal claims that they form part of the same case or controversy.

7. Defendant Italian Garden is a for-profit corporation incorporated in the State of Ohio and does business in this judicial district. .

8. This Court has personal jurisdiction over Defendant Hendershot because he is a resident of this judicial district and owns and operates his business in this judicial district.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Ohio because the events forming the basis of the suit occurred in this judicial district and Defendants reside and are operating in this judicial district.

## FACTUAL ALLEGATIONS

10. Defendants are jointly engaged in operating a restaurant doing business as Italian Garden, which has three locations: 8116 Main Street, Garrettsville, Ohio 44231; 10511 Main Street, Mantua, Ohio 44255; and 1730 Goodyear Blvd, Goodyear Heights, Ohio 44305.

11. During relevant times, Defendants, jointly and individually, have been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. § 203(s)(1).

12. During relevant times, Defendants have been joint employers of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

13. Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. During all relevant times, Defendant Hendershot has been a resident of Portage County and has owned and operated Italian Garden in Portage County.

15. During all relevant times, Defendant Hendershot had operational control over significant aspects of the day-to-day functions of Italian Garden.

16. During all relevant times, Defendant Hendershot had the authority to hire, fire, and discipline employees, including Plaintiff.

17. During all relevant times, Defendant Hendershot had the authority to set rates and methods of compensation, including that of Plaintiff.

18. During all relevant times, Defendant Hendershot had the authority to control the work schedules, including those of Plaintiff.

19. During all relevant times, Defendant Hendershot had the authority to control the employment conditions, including those of Plaintiff.

20. During all relevant times, Defendant Hendershot had the authority and responsibility to direct the activities of the employees, including those of Plaintiff.

21. During all relevant times, Defendant Hendershot was ultimately responsible for the maintenance of employment records, including records concerning Plaintiff.

22. During all relevant times, Defendants jointly hired Plaintiff, controlled his work schedule and conditions of employment, and determined the rate and method of the payment of wages.

23. During all relevant times, Defendants jointly maintained control, oversight and direction over Plaintiff, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

24. During all relevant times, Defendants mutually benefitted from the work performed by Plaintiff.

25. During all relevant times, Defendants did not act entirely independent of each other and were not completely disassociated with respect to the work of Plaintiff.

26. During all relevant times, Defendants share the services of Plaintiff.

27. During all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

28. Defendants are required by the FLSA, the Ohio Wage Act and the Ohio Constitution to keep records of the hours worked by Plaintiff, but Defendants did not keep all such records.

29. During relevant times, Defendants expressed to Plaintiff that he was prohibited from clocking in when performing some compensable work because he was performing work that benefitted Plaintiff's own family, despite the fact that Plaintiff's family paid for the food they ordered from the restaurant and despite the fact that Plaintiff had to prepare and deliver the food during off-hours.

30. During all relevant times, Plaintiff was jointly employed by Defendants as an hourly and non-exempt employee from approximately January 28, 2018 to July 30, 2018.

31. Plaintiff was paid a "salary" of $1,150 bi-weekly, which never changed, even during workweeks in which Plaintiff worked over forty (40) hours.

32. Plaintiff was originally hired as a "Store Manager" after he was recruited by Defendant Hendershot and persuaded to leave his prior job to work at Italian Garden.

33. However, Plaintiff did not perform managerial duties that would exclude him from FLSA or Ohio Wage Act coverage.

34. Plaintiff did not manage two or more full-time Italian Garden employees or their equivalent.

35. Italian Garden employees regarded Defendant Hendershot as the manager, which indicates that Defendant Hendershot never intended to nor treated Plaintiff as a manager of the restaurant.

5

36. In fact, at one point in time Defendant Hendershot asked Plaintiff if he would be willing to become a full-time driver.

37. Plaintiff did not have authority to hire or fire employees.

38. Plaintiff did not have authority to set the schedule of employees.

39. Plaintiff did not have authority to discipline employees.

40. Plaintiff did not have authority to direct the daily duties of other employees.

41. When Plaintiff had an issue with another employee, he would speak with Defendant Hendershot directly and Defendant Hendershot would handle the situation.

42. When other employees at Italian Garden had an issue related to their employment, they would speak directly to Defendant Hendershot about the issue.

43. Plaintiff's primary duties did not include the exercise of judgment or discretion as to matters of significance concerning the business operations of Defendants or Defendants' customers.

44. Plaintiff's primary duties included serving, busing, preparing food to be cooked later, cooking, unlocking and opening the store, locking and closing the store, cleaning, running the cash register, turning on equipment, folding and disposing of boxes, driving food as part of the restaurants delivery service, and other restaurant related non-exempt work.

45. Plaintiff spoke with Defendant Hendershot about overtime compensation, and Defendant Hendershot agreed to pay him in cash for hours worked over forty (40) in a workweek, however, this only occurred a few times and there are overtime hours for which Plaintiff remains uncompensated.

46. On a few occasions, Plaintiff was not paid for hours worked outside of his normally scheduled working hours.

47. For example, there were a few Sundays that Plaintiff worked on behalf of Defendants to prepare food and sell it to Plaintiff's family for events like a graduation party and a birthday party, which profited Defendants' business. Plaintiff was not compensated for the hours spent working to prepare the food for these orders.

48. During relevant times, Defendants' conduct resulted in their failure to pay Plaintiff for all hours worked at the applicable federal or Ohio minimum wages in a workweek, and failure to pay Plaintiff overtime compensation of a rate of not less than one and one half his regular rate for hours worked over 40 in a workweek.

49. During all relevant times, Defendants jointly deprived Plaintiff of compensation for more than thirty (30) days in violation of the OPPA.

50. Defendants' wrongful acts and/or omissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, Ohio Department of Commerce or any administrative practice or enforcement policy of such departments.

51. Plaintiff's exact total of unpaid hours, including minimum wage and overtime compensation, is largely unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## COUNT I
### (Minimum Wage Violations of the FLSA)

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. During relevant times, Defendants jointly employed Plaintiff.

54. During relevant times, Plaintiff was required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in workweeks.

55. During relevant times, Defendants have been employers covered by the minimum wage requirements set forth in the FLSA.

56. During relevant times, Plaintiff was an employee covered by the minimum wage protections set forth in the FLSA.

57. During relevant times, Plaintiff was not exempt from receiving FLSA minimum wage benefits because, *inter alia*, they were not "executive," "computer," "administrative," "professional" or "computer" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

58. During relevant times, Plaintiff was not exempt under any other exemptions.

59. During relevant times, Defendants jointly failed to pay Plaintiff the minimum wage for all hours worked in a workweek, in violation of the FLSA.

60. Defendants' policy and practice, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. Plaintiff has been harmed and continues to be harmed by Defendants acts or omissions described herein.

62. As a result of the foregoing, Plaintiff was illegally denied minimum wage compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Overtime Violations of the FLSA)

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

64. During relevant times, Defendants jointly employed Plaintiff.

65. During relevant times, Plaintiff was required by Defendants to work, and did work, unrecorded and unpaid, off-the-clock hours in workweeks.

66. During relevant times, Plaintiff was required by Defendants to work more than 40 hours in a workweek.

67. During relevant times, Defendants have been joint employers covered by the overtime requirements set forth in the FLSA.

68. During relevant times, Defendants have been employers covered by the overtime requirements set forth in the FLSA.

69. During relevant times, Plaintiff was an employee covered by the overtime protections set forth in the FLSA.

70. During relevant times, Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "computer," "administrative," "professional" or "computer" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

71. During relevant times, Plaintiff was not exempt under any other exemptions.

72. During relevant times, Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of her regular rate of pay for hours worked in excess of 40 in a workweek, in violation of the FLSA.

73. Defendants' policy and practice, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. Plaintiff has been harmed and continues to be harmed by Defendants' acts or omissions described herein.

75. As a result of the foregoing, Plaintiff was illegally denied overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid

9

amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT III
**(Minimum Wage Violations of the Ohio Wage Act and the Ohio Constitution)**

76. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

77. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq*.

78. During relevant times, Plaintiffs was covered employees entitled to protections of the Ohio Wage Act and the Ohio Constitution Art. II, § 34.

79. During relevant times, Defendants were entities covered by the Ohio Constitution Art. II, § 34; Plaintiff was employed by Defendants within the meaning of the Ohio Constitution Art. II, § 34.

80. During relevant times, Defendants were covered employers required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

81. During relevant times, Plaintiff was not exempt from receiving the Ohio minimum wage because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq*.

82. During relevant times, Plaintiff was not exempt under any other exemption.

83. During relevant times, Plaintiff was jointly employed by Defendants.

84. During relevant times, Plaintiff was required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in a workweek.

10

85. During relevant times, Defendants failed to pay Plaintiff at least the Ohio minimum wage per hour for all hours worked in a workweek, in violation of Ohio law.

86. Defendants' policy and practice, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

87. Plaintiff has been harmed and continues to be harmed by Defendants' acts or omissions described herein.

88. As a result of the foregoing, Plaintiff was illegally denied the Ohio minimum wage, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, plus and additional two-times the unpaid wages, costs, reasonable attorney's fees and other compensation pursuant to O.R.C. §4111.14(J).

## COUNT IV
**(Overtime Violations of the Ohio Wage Act)**

89. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

90. During relevant times, Plaintiff was jointly employed by Defendants.

91. During relevant times, Defendants were employers covered by the overtime requirements set forth in the Ohio Wage Act.

92. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

93. During relevant times, Plaintiff was a covered employee entitled to the Ohio Wage Act's protection.

94. As an employee for Defendants, Plaintiff worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03, but was not paid overtime wages for this time spent working.

95. Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of her regular rate of pay for hours in a work week in excess of 40 in a workweek.

96. Defendants willfully violated Ohio law in the withholding of overtime compensation.

97. Plaintiff has been harmed and continues to be harmed by Defendants' acts or omissions described herein.

98. The exact total amount of overtime compensation that Defendants failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

99. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred; and request all unpaid overtime compensation and other relief as allowed by Ohio law.

### COUNT V
### (Violation of the OPPA)

100. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

101. During relevant times, Plaintiff was jointly employed by Defendants.

102. During relevant times, Defendants were entities covered by the OPPA and Plaintiff was employed by Defendants within the meaning of the OPPA.

103. The OPPA requires that the Defendants pay Plaintiff all wages, including minimum wages and overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on

or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

104. During relevant times, Plaintiff was not paid wages, either a minimum wage or overtime wages at one and one-half times the applicable regular rate, within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

105. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

106. Plaintiff has been harmed and continued to be harmed by Defendants' acts or omissions described herein.

107. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT VI
### (Recordkeeping Violations of the Ohio Wage Act)

108. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

109. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *and* Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq*.

110. During relevant times, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

111. During relevant times, Plaintiff was a covered employee entitled to the protections of the Ohio Wage Act.

112. During relevant times, Defendants jointly violated the Ohio Wage Act with respect to Plaintiff by requiring Plaintiff to perform compensable off-the-clock work; thereby failing to properly maintain accurate records of all hours that Plaintiff worked each workday and within each workweek.

113. In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

(A) A declaratory judgment that Defendants' conduct alleged herein, jointly and severally, violate the FLSA, the Ohio Wage Acts, and the Ohio Constitution.

(B) An order for injunctive relief ordering Defendants to end all of the illegal conduct alleged herein pursuant to FLSA, the Ohio Wage Acts, and the Ohio Constitution; and requiring Defendants to follow such laws going forward;

(C) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff per workweek;

(D) Judgment against Defendants, jointly and severally, for damages for all unpaid minimum wage and/or overtime compensation owed to Plaintiff during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, the Ohio Wage Acts and the Ohio Constitution;

(E) Judgment against Defendants, jointly and severally, for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.,* in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff during the applicable statutory period;

(F) Judgment against Defendants, jointly and severally, for all unpaid minimum wage and/or overtime compensation and any liquidated damages allowed by Ohio law for Plaintiff, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

(G) An order directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

(H) Judgment for any and all civil penalties to which Plaintiff may be entitled; and

(I) Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

October 18, 2018                                          Respectfully submitted,


                                       *s/ Robert E. DeRose*
                                       Robert E. DeRose (OH Bar No. 0055214)
                                       Jessica R. Doogan (OH Bar No. 0092105)
                                       **BARKAN MEIZLISH HANDELMAN**
                                       **GOODIN DEROSE WENTZ, LLP**
                                       250 East Broad Street, 10th Floor
                                       Columbus, Ohio 43215
                                       Telephone:  (614) 221-4221
                                       Facsimile:   (614) 744-2300
                                       bderose@barkanmeizlish.com
                                       jdoogan@barkanmeizlish.com